NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JUDITH SEAMAN, | : | |
| Plaintiff, | : | Civil Action No. 05-377 (KSH) |
| v. | : | **OPINION** |
| C.B. FLEET HOLDING COMPANY, INC., C.B. FLEET COMPANY, INC., CVS CORPORATION, and CVS BERGENLINE, L.L.C., | : | |
| Defendants. | : | |

**KATHARINE S. HAYDEN, U.S.D.J.**

This state-law products liability case was removed to this Court from the New Jersey Superior Court, Law Division, Hudson County on January 20, 2005. Plaintiff Judith Seaman filed a motion to remand the matter to state court, which this Court referred to Magistrate Judge Shwartz. On March 15, 2005, Judge Shwartz issued a Report and Recommendation ("R&R") recommending that the case be remanded to state court. Defendants filed objections to the R&R. For the reasons that follow, the Court adopts the R&R. Accordingly, plaintiff's motion is granted and this matter is remanded to the Law Division.

**I.     BACKGROUND**

On or about December 27, 2002, plaintiff purchased a three-ounce package of Phospho-soda (an over-the-counter oral laxative containing sodium phosphate) from a CVS pharmacy in New Jersey in preparation for a colonoscopy. (Compl. ¶¶ 2, 9.) Plaintiff claims she used the Phospho-soda according to the recommended dosage for use as a bowel cleanser. (Compl. ¶ 19.)

The Complaint states the colonoscopy results were normal but shortly afterwards, plaintiff "began to experience violent illness, including nausea and diarrhea," and was diagnosed with renal failure and permanent kidney damage. (Compl. ¶¶ 11-13.)

Plaintiff filed a Complaint in the Law Division on December 16, 2004 against C.B. Fleet Holding Company, Inc., C.B. Fleet Company, Inc., CVS Corporation, and CVS Bergenline, L.L.C.. Count 1of the Complaint claims Strict Liability – Design Defect/Failure to Warn, Count 2 claims Negligence – Failure to Warn, Count 3 claims Negligence – Design Defect, Count 4 claims Breach of Express Warranty, Count 5 claims Breach of Implied Warranty, and Count 6 claims Fraud & Deceit.

Plaintiff resides in New Jersey. (Compl. ¶ 1.) Defendants C.B. Fleet Holding Company, Inc. and C.B. Fleet Company, Inc., (hereinafter "Fleet") are incorporated and have their corporate headquarters in Virginia. (Compl. ¶¶ 2, 3.) Fleet has been identified as the manufacturer of the Phospho-soda. (Compl. ¶ 5.) Defendant CVS Corporation is incorporated in Delaware with its corporate headquarters in Rhode Island. (Compl. ¶ 6.) Defendant CVS Bergenline, L.L.C. ("CVS Bergenline") is a limited liability company formed in New Jersey and is wholly owned by CVS Corporation. (Compl. ¶ 7; Tr. 41[1].)

Defendants filed a notice of removal with this Court on January 20, 2005 pursuant to 28 U.S.C. § 1441 and 1446. They assert that the CVS defendants have been fraudulently joined and should be disregarded for purposes of removal.

Plaintiff filed a motion to remand on February 18, 2005. After hearing oral argument from the parties, and reviewing the written submissions, Judge Shwartz issued a R&R on March

---

[1]"Tr." refers to the transcript of proceedings before Judge Shwartz on March 14, 2005.

2

15, 2005 recommending that the motion to remand be granted. Defendants timely filed their objections.

## II.   STANDARD OF REVIEW

This Court's review of a party's objections to an R&R is governed by Local Civil Rule 72.1.  The Court "shall make a *de novo* determination of those portions [of the R&R] to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The [Court] . . . may consider the record developed before the magistrate judge, making [its] own determination on the basis of that record."  L. Civ. R. 72.1(c)(2); see also Poveromo-Spring v. Exxon Corp., 968 F. Supp 219, 221 & n.2 (D.N.J. 1997).

## III.   DISCUSSION

### A.  Relevant Law:

As the party invoking federal jurisdiction, defendants bear the burden of demonstrating the appropriateness of removal.  Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  The removal statute provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a).  Defendants removed this case from state court based on diversity jurisdiction, which gives federal courts original jurisdiction over all civil actions between citizens of different States where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

Here, CVS Bergenline is a citizen of the state in which the action was brought.  If it were not for CVS Bergenline, there would be diversity of citizenship between the parties as plaintiff is

a New Jersey resident and all other defendants are not citizens of New Jersey for diversity purposes. Defendants argue that CVS Bergenline was fraudulently joined and should be disregarded for purposes of determining diversity jurisdiction.

The Third Circuit has stated that joinder is "fraudulent" if there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Boyer, 913 F.2d at 111. However, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (internal quotations omitted). The Third Circuit has elaborated that in the fraudulent joinder context, unless the Complaint is "wholly insubstantial and frivolous," the case should be remanded. Id. at 852.

The Third Circuit has emphasized that the "removing party carries a 'heavy burden of persuasion' in making this showing" and "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Id. at 851 (citing Steel Valley Author. v. Union Switch & Signal Div., 809 F.2d 1006, 1010, 1012 n.6 (3d Cir. 1987)).

The Third Circuit has also held that "the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." Id. at 852. The Third Circuit has stated that "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." Id.

In determining whether a defendant has been fraudulently joined, the Court must focus

4

on plaintiff's Complaint at the time the notice of removal was filed.  Id. at 851.  The Court must also assume all the factual allegations in the Complaint and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."  Id. at 852 (citations omitted).  The Third Circuit has stated that a court may consider facts outside the pleadings in determining whether a defendant has been fraudulently joined, but the inquiry is far different than one for summary judgment and the court should do only a limited piercing of the pleadings and not decide the merits of the case.  Boyar, 913 F.2d at 112.  Relying on this precedent, Judge Shwartz considered the Complaint, as well as the unsworn affidavits, in her analysis.  (Tr. 51.)  This Court will do the same.

**B. Analysis:**

The Court is not here to evaluate the merits of the case, and the Court is not here on a Rule 12(b)(6) motion to dismiss.  Rather, the Court is here on a very narrow issue:  whether CVS Bergenline has been fraudulently joined, as that term has been defined by Third Circuit precedent.  (Tr. 52.)

The parties' dispute is over the New Jersey Product Liability Act ("NJPLA"), N.J. Stat. Ann. § 2A:58C-1 et seq. (West 1987).  The NJPLA states that

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable, or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

§ 2A:58C-2.

In Repola v. Morbark Industries, Inc., 934 F.2d 483, 492 (3d Cir. 1991), the Third Circuit predicted that the New Jersey Supreme Court would hold that the "NJPLA generally subsumes

common law product liability claims, thus establishing itself as the sole basis of relief under New Jersey law available to consumers injured by a defective product."

Significant in this case is the portion of the NJPLA that addresses the liability of product sellers. The NJPLA provides that "In any product liability action against a product seller, the product seller may file an affidavit certifying the correct identity of the manufacturer of the product which allegedly caused the injury, death or damage." N.J. Stat. § 2A:58C-9(a). Upon the filing of this affidavit, the NJPLA provides that "the product seller shall be relieved of all strict liability claims, subject to the provisions set forth in subsection d." N.J. Stat. § 2A:58C-9(b). Subsection d sets forth three instances where product sellers can be held liable notwithstanding the filing of an affidavit pursuant to N.J. Stat. § 2A:58C-9(a). Subsection d states:

> d. A product seller shall be liable if:
>
> (1) The product seller has exercised some significant control over the design, manufacture, packaging or labeling of the product relative to the alleged defect in the product which caused the injury, death or damage; or
>
> (2) The product seller knew or should have known of the defect in the product which caused the injury, death or damage or the plaintiff can affirmatively demonstrate that the product seller was in possession of facts from which a reasonable person would conclude that the product seller had or should have had knowledge of the alleged defect in the product which caused the injury, death or damage; or
>
> (3) The product seller created the defect in the product which caused the injury, death or damage.

N.J. Stat. § 2A:58C-9(d).

Plaintiff argues that the CVS Bergenline is liable pursuant to the second situation identified in subsection d as it knew or should have known about the dangers of Phospho-soda, including renal failure, due to the reasonable foreseeable uses of Phospho-soda. Much of

6

plaintiff's argument is based on the fact that the CVS defendants sell and market a generic oral saline laxative, similar to Phospho-soda in terms of the ingredients, warnings, and instructions.

Judge Shwartz found that "a factual dispute exists over the extent of CVS Bergenline's knowledge about the harmful effects of Phospho-soda." (Tr. 56). Therefore, Judge Shwartz recommended the case be remanded to state court because "it is possible that the state court could find the complaint states a claim against CVS Bergenline; and therefore, the non-diverse party is not fraudulently joined." (Tr. 57.)

Defendants object to Judge Shwartz's recommendation to remand and argues that Judge Shwartz was incorrect in determining that a factual dispute exists regarding the extent of CVS Bergenline's knowledge about the dangers of Phospho-soda. Defendants contend that the CVS defendants did not know and should not have known of the defects in the Phospho-soda. Defendants argue that CVS Bergenline had no role in the manufacturing, labeling, or packaging of either the Phospho-soda or the generic laxative and its only connection to the matter is that it was the retail provider of the Phospho-soda. Essentially defendants argue that CVS Bergenline could not have known about the dangers of Phospho-soda because it is "a pass-through retailer that, as a matter of law, has no duty to warn plaintiff regarding her doctor-directed use of Phospho-soda . . . [and] the Bergenline store's sale of a CVS generic product does not change that result." (Def. Objections to R&R, at 8.)

In support of their position, defendants cite to Foster v. American Home Products Corp., 29 F.3d 165, 171-72 (4th Cir. 1994) and Block v. Wyeth, No. Civ. 3:02-CV-1077, 2003 WL 203067, at *1-2 (N.D. Tex. Jan. 28, 2003) for the proposition that "[w]ere plaintiff's legal theory to be accepted, it would represent a wholesale, unprecedented expansion of liability for

7

pharmacies and other passive sellers of both store-brand and name-brand products – impermissibly undermining the very purpose of the NJPLA to not only limit the expansion of product liability law, but to establish a safe harbor to innocent retailers in the chain of distribution by providing an exemption from liability from the Act." (Def. Objections to R&R, at 14.) Plaintiff distinguishes these cases by arguing that they involve manufacturers of brand-name versions of generic drugs that caused the plaintiffs' injuries. According to plaintiff, the manufacturers of the brand-name versions neither made nor sold the generic drugs that injured the plaintiffs. Plaintiff contends that here CVS Bergenline is in the "chain of distribution" of the very product that caused plaintiff's injuries as it sold plaintiff the Phospho-soda. Plaintiff adds that the fact that CVS Bergenline sells its own brand of oral saline laxative is not the only basis for plaintiff's claim but rather serves as additional factual support for the claim against CVS Bergenline.

  Defendants argue plaintiff's attempt to distinguish the cases is misguided because the NJPLA specifically excludes retail sellers from liability when they identify the manufacturer of the product that caused the injury, death or damage. See N.J. Stat. § 2A:58C-9(b). Initially, the Court notes that the cases cited by defendants are not binding on this Court. More important, the Court finds certain carve-outs set forth in the plain language of the NJPLA (<u>see</u> N.J. Stat. § 2A:58C-9(d)) which provide that product sellers can still be liable irrespective of a properly filed affidavit pursuant to N.J. Stat. § 2A:58C-9(a). It is one of those carve-outs which is at issue here. Defendants have produced two affidavits – one from CVS's in-house legal counsel and one from the "Director of CVS Store Brands" – which state that CVS Bergenline had no role in the design, manufacture, packaging, or labeling of Fleet Phospho-soda or the generic equivalent.

But plaintiff has produced evidence that the CVS defendants markets its own brand of oral saline laxative and sold the Fleet Phospho-soda to plaintiff.

Defendants argue that plaintiff cites no legal authority to support the argument that CVS Bergenline knew or should have known about the alleged risk of Phospho-soda because it sold a generic equivalent.  However, the Court notes that it is defendants' "heavy burden of persuasion", not plaintiff's, to demonstrate that there is *no* possibility that plaintiff has a colorable claim.  Batoff, 977 F.2d at 851.

The Court agrees with Judge Shwartz that "a factual dispute exists over the extent of CVS Bergenline's knowledge about the harmful effects of Phospho-soda."  (Tr. 56.)  The Court finds that the claim against CVS Bergenline is colorable, and is not wholly insubstantial or frivolous so as to support a claim of fraudulent joinder.  Defendants have not demonstrated as a matter of law that there is *no possibility* that plaintiff can state a claim against CVS Bergenline.

The Court emphasizes that it is not ruling on the merits of plaintiff's knowledge-based claim against CVS Bergenline.  Whether plaintiff ultimately prevails on the knowledge-based claim is not the issue before this court.  This Court is only deciding that plaintiff has a *possible* claim against CVS Bergenline and therefore CVS Bergenline was not fraudulently joined.  See Batoff, 977 F.2d at 852; Boyar, 913 F.2d at 111.

The Court notes that defendants spend much of their time arguing that pursuant to FDA directives, CVS Bergenline owed no duty to warn plaintiff of potential dangers of Phospho-soda. According to defendants, the FDA dictates that when sodium phosphate solutions (i.e., Phospho-soda) are used as bowel cleansers as instructed by physicians, the requisite warnings and information are to be directed towards the physicians and not directly to the patients.  (Def.

9

Objections to R&R, at 8.) Since the Court agrees with Judge Shwartz that plaintiff can assert a colorable claim against CVS Bergenline pursuant to N.J. Stat. § 2A:58C-9(d)(2), this issue need not be addressed.

Plaintiff requests costs and attorneys' fees, arguing that defendants had no good basis for removing the action and opposing Judge Shwartz's recommendation to remand. Although the Court finds that CVS Bergenline was not fraudulently joined, the Court declines to find bad faith. Accordingly, this Court will not award costs and attorneys' fees. <u>Mints v. Educational Testing Serv.</u>, 99 F.3d 1253, 1260-61 (3d Cir. 1996).

### IV.    CONCLUSION

For the foregoing reasons, the Court adopts the R&R. Plaintiff's motion to remand this matter to the New Jersey Superior Court, Law Division is granted. The Court will enter an appropriate Order.

Dated: July 29 , 2005                                      s/ Katharine S. Hayden
                                                           Katharine S. Hayden, U.S.D.J.